UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>V.<br><br>JOHN VOLOSHIN | JUDGMENT<br><br>CASE NO. 3:17CR2 (RNC)<br>USM: 20749-014<br><br>Government's Counsel:<br>Marc Harris Silverman<br>David Huang<br>Assistant U. S. Attorneys<br>157 Church Street, 25th floor<br>New Haven, Connecticut 06510<br><br>Defendant's Counsel:<br>Jeremiah F. Donovan<br>P. O. Box 554<br>Old Saybrook, CT  06475 |

FILED
2017 NOV 21  P 1:53
US DISTRICT COURT
HARTFORD CT

The defendant pleaded guilty to Count One of the Information. Accordingly, the defendant is adjudicated guilty of the following offense:

| **Title & Section** | **Nature of Offense** | **Offense Concluded** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | July 7, 2016 | One |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

## IMPRISONMENT

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 21 months. An additional, consecutive term of imprisonment of 6 months has been imposed for a related violation of supervised release in Case No. 3:12-CR-18, for a total sentence of 27 months' imprisonment.

## RECOMMENDATIONS TO THE BUREAU OF PRISONS

The Court recommends: (1) that the defendant receive credit for time served since his arrest on May 26, 2016; (2) that he be designated to FCI Danbury to facilitate family visits; and (3) that he receive a mental health evaluation in accordance with the evaluation report submitted by Dr. Kenneth M. Selig, dated July 21, 2017, a copy of which accompanies the Presentence Report.

## RESTITUTION

The defendant will pay restitution in the total amount of 275,000. Interest on the restitution is waived. Restitution will be paid to the individuals listed in the Government's Sealed Restitution Chart in the amounts listed in the Chart. Monthly restitution payments will be made to the Clerk of Court in a total amount of not less than $250 per month. The amount of the monthly payment may be adjusted based on the defendant's ability to pay as recommended by the Probation Office and approved by the Court.

**SUPERVISED RELEASE**

The defendant will be on supervised release for a term of 3 years subject to the mandatory and standard conditions of supervised release set forth below. In addition, the following special conditions are imposed:

1. The defendant will participate in a program of substance abuse monitoring, counseling and treatment under the direction of the Probation Office. The defendant will pay all or part of the costs of this treatment based on his ability to pay in an amount recommended by the Probation Office and approved by the Court

2. The defendant will participate in a program of mental health evaluation, counseling and treatment under the direction of the Probation Office, either in-patient or out-patient, as recommended by the Probation Office and approved by the Court. The defendant will pay all or part of the costs of any treatment based on his ability to pay in an amount recommended by the Probation Office and approved by the Court.

   **The Probation Office will arrange for a mental health evaluation to be conducted as soon as practicable following the commencement of the defendant's supervised release and a copy of the report will be submitted to the Court. The evaluator will consider whether the defendant should participate in a program of treatment at the Institute of Living in Hartford, CT, or a comparable program.**

3. The defendant will submit his person, residence, workplace and vehicle to a search, conducted by or on behalf of the Probation Office at a reasonable time and in a reasonable manner, based on reasonable suspicion the search will disclose evidence of a violation of a condition of the defendant's supervised release.

4. The defendant will provide the Probation Office with access to any requested financial information regarding himself and any entity in which he has any interest, and he will authorize the Probation Office to obtain such information from third parties.

5. The defendant will not incur credit card charges that cause his total credit card indebtedness to exceed $500 without the prior approval of the Probation Office.

6. The defendant will notify the Probation Office before applying for any loan, mortgage, line of credit or other source of funds, on behalf of himself or another, including any entity in which he has an interest.

7. The defendant will not create any partnership, corporation, LLC or other entity, solicit investments in any such entity, participate in obtaining funds for any such entity, or exercise control over the assets of any such entity without the prior approval of the Probation Office.

8. The defendant will pay restitution in the amount of $ 275,000, payable at a rate of not less than $250 per month, as set forth above. Monthly payments will be made to the Clerk of Court, 41 Church Street, New Haven, CT 06510.

Page 3

9. The defendant will have no contact with any of the victims of his offense conduct without the prior approval of the Probation Office.

## MONETARY PENALTIES

The defendant will pay a special assessment of $100.

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until the restitution and special assessment imposed by this judgment are paid.

DATE: November 13, 2017
Date of Imposition of Sentence

/s/ Robert N. Chatigny
Robert N. Chatigny, United States District Judge
Date: November 21, 2017

**CONDITIONS OF SUPERVISED RELEASE**

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(5) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(6) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

(7) ■ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable*

## STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

(4) You must answer truthfully the questions asked by your probation officer.

(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

(12) You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
            Defendant                                                                          Date

_____    _____
U.S. Probation Officer/Designated Witness                 Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
    Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

                                                                             Brian Taylor
                                          Acting United States Marshal

                            By _____
                                                              Deputy Marshal